L&LR
LICHTEN & LISS-RIORDAN, P.C.

November 6, 2026

**Via ECF**
Hon. Judge Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: ***Anthony Hartwell v. Federal Express Corporation*, 1:26-cv-07618-MKV**

Dear Judge Vyskocil:

Defendant Federal Express Corporation ("FedEx") has filed a letter requesting to file a Rule 12(b)(6) motion to dismiss. The Court should deny the request.[1]

Although recently filed as a new complaint, Plaintiff's FLSA claim has actually been pending for nearly a decade. Plaintiff was an opt-in to a national collective action, *Claiborne v. FedEx Ground Package System, Inc.*, No. 2:18-cv-01698 (W.D. Pa.). After the collective was decertified in 2024, Plaintiff's counsel refiled the claims through mass actions in Pennsylvania, but two years later, the presiding judge, Robert Colville, ruled that the claims would need to be filed individually in the Districts where the opt-in drivers had worked for FedEx. *Brannon v. Fed. Express Corp.*, 2026 WL 1382330, at *5 (W.D. Pa. May 18, 2026). Plaintiff's counsel has now refiled nearly 11,000 of these individual claims across the country (in nearly every judicial district), including Plaintiff's claim, one of 157 such cases filed in this District.

While Plaintiff was an opt-in in *Claiborne*, the parties underwent years of discovery, including Plaintiffs taking most of the broad discovery regarding their contention that FedEx was their joint employer. Thousands of opt-ins also underwent individual discovery. Last year, Judge Colville severed and ordered the transfer of 14 original plaintiffs from *Claiborne*. Those 14 cases were transferred by the clerk's office to the Districts in which the plaintiffs had worked. Those cases then went straight to pre-trial proceedings, and FedEx did not file Rule 12(b)(6) motions in those cases. FedEx moved for summary judgment in all the cases, and three of the cases that were not settled were argued and decided by judges, who all agreed the cases should go to trial. *See Gensoli v. FedEx Ground Package Sys., Inc.*, 2026 WL 1362410 (D. Vt. May 15,

[1] Before determining whether a motion to dismiss will be permitted in this case, the Court should await a ruling on the pending motion to relate this case to *DeLeon v. Fed. Express Corp*. Mot. to Relate and/or Consolidate Cases, *Deleon*, 1:26-cv-07607-KPF (S.D.N.Y. Nov. 5, 2026), Dkt. No. 13. (A similar motion was filed in this case, Dkt. No. 9, to alert the Court to this request, but the judge overseeing the first-filed case should decide the motion.)

2026); *Seals v. Fed. Express Corp.*, 2026 WL 1520744 (S.D. Ill. June 1, 2026); *Eppich v. FedEx Ground Package Sys. Inc.*, 2026 WL 1353765 (D. Me. May 15, 2026).

This case is in the same posture as those 14 cases that were transferred last year.[2] The only reason it appears on this Court's docket as an initial complaint is because Plaintiffs offered to refile the cases individually following Judge Colville's severance order earlier this year, given the burden to the clerk's office of transferring more than 10,000 individual cases. There is simply no reason that this case should go through the further delay of being briefed and argued on a Rule 12(b)(6) motion to dismiss. The allegations in this individualized complaint are even more detailed than the factual allegations in the *Claiborne* complaint (for which FedEx never even filed a Rule 12(b)(6) motion). After nearly a decade of litigation, FedEx is clearly on notice of the claims against it. *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (the purpose of a Rule 12(b)(6) motion is to ensure that the defendant has "fair notice" of plaintiff's claims).

A motion to dismiss should not be a means to delay litigation. Indeed, a party must move for a motion to dismiss "early enough not to delay a trial." *1-800 Contacts, Inc. v. JAND, Inc.*, 119 F.4th 234, 246 (2d Cir. 2024) (discussing Rule 12(c)). Here, after nearly a decade of common discovery and procedural disputes, Plaintiff's case can finally proceed expeditiously to trial. Indeed, as Judge Douglas L. Rayes (who is overseeing 142 consolidated cases in the District of Arizona) recently determined in a status conference, because these cases will require relatively little individualized discovery and have been litigated for years, any remaining individualized discovery can be expedited, and he decided that trials will begin in early 2027. *Almugtadir v. FedEx*, 2:26-cv-06951 (D.Ariz. Oct. 28, 2026).

In addition to these procedural reasons that the Court should not allow FedEx to delay this nearly-decade-old case in order to file a motion to dismiss, the merits of FedEx's argument also fail. To state a claim for overtime wages, Plaintiff must allege "40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours. Nothing more is required." *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 115 (2d Cir. 2023) (internal citations omitted). Plaintiff need <u>not</u> identify individual workweeks in which he was entitled to overtime, as courts should "take[] care not to foreclose relief to plaintiffs who neglected to keep careful records of the hours they worked." *Id.* (internal quotations omitted).

Further, Plaintiff has properly alleged that he is eligible for overtime under the FLSA. While the Motor Carrier Act ("MCA") generally exempts truck drivers from overtime, 29 U.S.C. § 213(b)(1), Plaintiff is eligible for overtime under an exception to that exemption, the "Light Vehicle Exception" to the MCA, which provides for overtime for drivers of trucks under 10,001 pounds. *See* SAFETEA-LU Technical Corrections Act ("TCA"), 122 Stat. 1572, 1620–21.

---

[2] FedEx has argued elsewhere that individual complaints should be more detailed than a collective action complaint, but there is no legal basis for such an argument, and the history and summary judgment rulings in those three individual cases undercut this argument.

The parties dispute whether Plaintiff would be eligible for overtime for all weeks worked or only weeks in which he operated a light vehicle.[3] But given that Plaintiff has alleged that he is entitled to overtime under this exception, the Court need not decide this issue at this stage. Instead, this issue can be decided prior to trial, for purposes of crafting jury instructions.[4]

Given that Plaintiff need not plead particular workweeks in which he is entitled to overtime, there is no requirement for him to plead workweeks in which he drove a truck under 10,001 pounds (particularly given that his eligibility for overtime is not limited to those weeks). In any event, this issue relates to an affirmative defense (an FLSA exemption), which is not something a plaintiff must negate in the complaint. *Cunningham v. Cornell Univ.*, 604 U.S. 693, 702 (2025). The *employer* bears the burden of proving that the small vehicle exception to the MCA FLSA exemption does not apply. *See, e.g.*, *Eppich*, 2026 WL 1353765, at *7; *Leier v. Lincoln Limousine Brokerage Inc.*, 2018 WL 276345, at *3 (E.D.N.Y. Jan. 3, 2018).

Further, the employer is responsible for keeping records relevant to workers' entitlement to overtime, and a plaintiff should not be expected to remember, or even know, the weight of the vehicles he drove. *Herrera*, 84 F.4th at 115; *Guy v. Absopure Water Co., LLC*, 728 F. Supp. 3d 527, 551 (E.D. Mich. 2024) (driver plaintiffs not required to plead information related to vehicle weights, as this information should be in defendants' possession). Indeed, FedEx did keep (incomplete) records of vehicle weights its drivers drove, which it has produced for thousands of our clients and which Plaintiff expects to obtain here in discovery.

While FedEx argues that it did not employ Plaintiff and thus was not aware of whether he was entitled to overtime (or even paid overtime), this argument has gone nowhere, even on summary judgment. *See Gensoli*, *Seals,* and *Eppich, supra*. If FedEx was, as Plaintiff asserts, his joint employer, it is jointly liable for the overtime he is owed. FedEx clearly had actual or constructive knowledge that Plaintiff is owed overtime, as shown by the fact that the courts in all three of those cases (raising the same allegations as this case) held there is sufficient evidence to support a finding that FedEx *willfully* violated the FLSA.[5]

---

[3] Courts are split on this issue, with a number of courts in this Circuit agreeing with Plaintiff's argument that, so long as he is a "covered employee", i.e. having operated a light vehicle more than a "de minimis" amount of time, he is eligible for overtime for all workweeks. *See, e.g.*, *Williams v. TSU Glob. Servs. Inc.*, 2022 WL 4646446, at *3–4 (E.D.N.Y. Sep. 30, 2022); *Heng Guo Jin v. Han Sung Sikpoom Trading Corp.*, 2015 WL 5567073, at *6–8 (E.D.N.Y. Sep. 21, 2015).

[4] In *Seals v. Fed. Express Corp.*, 2026 WL 1520744 (S.D. Ill. June 1, 2026), the court decided on summary judgment that a FedEx driver who drove both light and heavy vehicles is entitled to overtime for all weeks worked, including weeks in which he drove a heavy vehicle.

[5] FedEx claims that its motion to dismiss was granted in Massachusetts, but that mischaracterizes the posture of those cases. There, one judge, Denise Casper, dismissed with leave to amend, but the cases before her have now been transferred to Judge Allison Burroughs for pretrial purposes, along with the rest of the 180 individual cases pending in that district. Judge Casper's decision will soon be superseded by a decision on FedEx's renewed motion to

Respectfully Submitted,

<u>*/s/ Shannon Liss-Riordan*</u>
Shannon Liss-Riordan
LICHTEN & LISS-RIORDAN, P.C.
*Attorney for Plaintiff*

cc: Counsel of record (by ECF)

---

dismiss by Judge Burroughs, who already told the parties that she intends to oversee the cases like a "mini MDL", in which she would select bellwether cases to proceed to trial (and appeared skeptical of FedEx's renewed motion to dismiss).